UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

RYAN BOSHAW,

    Plaintiff,

vs.

CBM SERVICES, INC.,

    Defendant.

USDC Case No.:
State Court Case No. 15-15145-GC

## NOTICE OF REMOVAL

Defendant CBM Services, Inc. ("Defendant"), hereby provides notice of removal of this action from the 75th Judicial District Court for the State of Michigan to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support of this removal, Defendant states:

1. On or about May 20, 2015, Plaintiff Ryan Boshaw ("Plainitff") filed the above captioned civil action in the 75th Judicial District Court for the State of Michigan (Case No.: 15-15145-GC).

2. Defendant was served with the Complaint on June 1, 2015. Accordingly, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

3. This matter is a civil action over which this Court has original

jurisdiction under 28 U.S.C. § 1331, and is one which may be properly removed pursuant to 28 U.S.C. §§ 1441 and 1446, as the claims asserted in the Complaint arise under the laws of the United States and raise one or more federal questions.

4. Plaintiff's complaint asserts violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

5. The district courts of the United States have original jurisdiction in civil actions arising under the FDCPA.

6. Defendant removes this action to the United States District Court for the Eastern District of Michigan because it is the venue that encompasses Midland, Michigan. Defendant removes this action without prejudice to Defendant's right to seek transfer of this action pursuant to 28 U.S.C. § 1404, if and as appropriate.

7. True and correct copies of the following are attached to this Notice of Removal:

> (a) all process, pleadings and orders which have been served upon Defendant in this action are attached to this filing in accordance with 28 U.S.C. § 1446(a) and this Court's ECF guidelines; and
>
> (b) the Notice of Filing of Notice of Removal which has been served upon Plaintiff and filed with the Clerk of Court for the 6th Judicial Circuit Court is also attached in accordance with 28 U.S.C. § 1446(d).

8. Based upon the foregoing, this action is removable on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

WHEREFORE, Defendant CBM Services, Inc., requests that this action proceed in the United States District Court for the Eastern District of Michigan unless or until remanded by further order of this Court.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
2723 S. State St., Suite 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
colson@olsonlawpc.com

Dated: June 30, 2015

### CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby certify that on June 30, 2015, a copy of the foregoing Notice of Removal was filed via the Court's ECF system and served via first class and electronic mail on the following parties:

State of Michigan
75th Judicial Circuit Court
301 W. Main St.
Midland, MI 48640

Ryan Boshaw
c/o Gary D. Nitzkin, Esq.
Nitzkin & Associates
22142 West Nine Mile Road,
Southfield, MI 48033

*/s/ Charity A. Olson*
Charity A. Olson

3

| STATE OF MICHIGAN<br>75th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>15-15145 GC |
|---|---|---|

| Court address | Court telephone no. |
|---|---|
| 301 W Main St., Midland, MI 48640 | (989) 832-6700 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Ryan Boshaw<br>c/o Nitzkin & Associates<br>Southfield, MI 48033 | v | CBM Services, Inc<br>RA: Thomas Alvin Matonican<br>300 Rodd St., Ste. 202<br>Midland, MI 48640 |

Plaintiff's attorney bar no., address, and telephone no.
Gary D. Nitzkin P 41155
LAW OFFICES OF NITZKIN & ASSOCIATES
22142 W. Nine Mile Road
Southfield, MI 48033
(248) 353-2882

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| MAY 2 0 2015 | AUG 1 9 2015 | Jennifer Hawkins |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

Family Division Cases
✓ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

General Civil Cases
✓ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**
| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Midland, MI | Midland, MI |
| Place where action arose or business conducted | |
| Midland, MI | |

05/15/2015
Date                                        Signature of attorney/plaintiff Gary D. Nitzkin P 41155

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**SUMMONS AND COMPLAINT** | **PROOF OF SERVICE** | Case No.

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
    List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ |  | $ | $ |

Signature _____
Name (type or print) _____
Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                         Date

My commission expires: _____  Signature: _____
                         Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
                            Day, date, time

_____ on behalf of _____.

Signature

STATE OF MICHIGAN
IN THE 75th DISTRICT COURT

RYAN BOSHAW,
    Plaintiff,
-vs.-

**DEMAND FOR JURY TRIAL**

CBM SERVICES, INC.
A Michigan Corporation,
    Defendant.
_____/

GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

## COMPLAINT & JURY DEMAND

Plaintiff, Ryan Boshaw, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

1

## PARTIES

2. Plaintiff is a natural person residing in City of Midland which is in Midland County, Michigan. Mr. Boshaw is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

3. The Defendant to this lawsuit is CBM Services, Inc. which maintains its registered agent in Midland, Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in the City of Midland in Midland County, Michigan.

5. Venue is proper in the 75th District Court in Midland County, Michigan as the actions and occurrences recited herein occurred in the City of Midland in Midland County, Michigan.

6. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Mulberry Lane Apartments in the amount of $3,799.00.

8. Mr. Boshaw does not owe this alleged deb as it was included in his Chapter 7 Bankruptcy on May 14, 2014 which was discharged on August 25, 2014.

9. On or about May 4, 2015, Defendant's representative, Cheryl, called Plaintiff attempting to collect the alleged debt. During this conversation, Cheryl threatened to seize Plaintiff's assets and garnish his wages. She also threatened to take money out of his bank account if he did not pay the alleged debt.
10. On or about May 5, 2015, Mr. Boshaw called Defendant and left Cheryl a voicemail indicating that he did not owe the alleged debt as it was included in his bankruptcy filing.
11. On or about May 6, 2015, Cheryl returned Mr. Boshaw's phone call and told him that the debt was not included in his bankruptcy filing.
12. On or about May 13, 2015, Mr. Boshaw obtained his Equifax credit file and noticed that Defendant reported its trade line regarding the alleged debt and that the debt was not flagged as disputed.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.
14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.
15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.
16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).
17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e by using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

    b. 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken when it misrepresented to Mr. Boshaw that it could seize his assets and garnish his wages and bank account over a debt that he does not owe.

    c. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt as this debt is unenforceable.

    d. 15 U.S.C. §1692e(4) by misrepresenting that non-payment of any debt would result in the seizure or garnishment of any property or wages.

    e. 15 U.S.C. §1692f(1) by collecting on a debt not owed and not permitted by law as the alleged debt was discharged through Plaintiff's Chapter 7 Bankruptcy.

    f. 15 U.S.C. §1692 e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false. Defendant did it placed its trade line on Mr. Boshaw's credit report without reporting that it was disputed and when the debt is unenforceable.

    g. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt.

18. Mr. Boshaw has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages of up to $25,000 plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Mr. Boshaw is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it misrepresented to Mr. Boshaw that it could seize his assets and garnish his wages and bank account over a debt that is unenforceable.

    b. MCL §339.915(f)(ii) by misrepresenting the legal rights of the debtor.

    c. MCL §339.915(f)(i) by misrepresenting the legal status of a legal action being taken or threatened.

    d. MCL §339.915(f)(iii) by misrepresenting that nonpayment of a debt would result in the debtor's seizure or garnishment of wages or property.

    e. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

23. Mr. Boshaw has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages of up to $25,000 plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it misrepresented to Mr. Boshaw that it could seize his assets and garnish his wages and bank account over a debt that is unenforceable.

   b. MCL §445.252 (f)(ii) by misrepresenting the legal rights of the debtor.

   c. MCL §445.252 (f)(i) by misrepresenting the legal status of a legal action being taken or threatened.

   d. MCL §445.252 (f)(iii) by misrepresenting that nonpayment of a debt would result in the debtor's seizure or garnishment of wages or property.

   e. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Mr. Boshaw has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages of up to $25,000 plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

May 13, 2015

*/s/ Gary D. Nitzkin*
GARY D. NITZKIN   P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

RYAN BOSHAW,

        Plaintiff,                      State Court Case No. 15-15145-GC

vs.

CBM SERVICES, INC.,

        Defendant.

**NOTICE OF REMOVAL TO FEDERAL COURT**

      PLEASE TAKE NOTICE that Defendant CBM Services, Inc., has on this day provided notice of removal of this action from the 75th Judicial District Court for the State of Michigan to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, a copy of which is attached hereto.

      Pursuant to 28 U.S.C. § 1446 (b), all future proceedings in the 75th Judicial District Court for the State of Michigan are hereby stayed unless or until this action is remanded.

                                                  Respectfully Submitted,

                                                  /s/ Charity A. Olson
                                                  Charity A. Olson (P68295)
                                                  OLSON LAW GROUP
                                                  2723 S. State St., Suite 150
                                                  Ann Arbor, MI  48104
                                                  Tel: (734) 222-5179
                                                  Fax: (866) 941-8712
Dated: June 30, 2015                    colson@olsonlawpc.com

1

## **CERTIFICATE OF SERVICE**

      I, Charity A. Olson, hereby certify that on June 30, 2015, a copy of this Notice of Removal was filed via the Court's electronic filing system and served via first class mail upon these parties:

State of Michigan
75th Judicial Circuit Court
301 W. Main St.
Midland, MI 48640

Ryan Boshaw
c/o Gary D. Nitzkin, Esq.
Nitzkin & Associates
22142 West Nine Mile Road,
Southfield, MI 48033

                                                */s/ Charity A. Olson*
                                                Charity A. Olson